UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| LIONEL P. TREPANIER, | ) | No. 07 B 16641 |
| | ) | Chapter 7 |
| Debtor. | ) | |

## MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO CLAIM NO. 1

Lionel P. Trepanier, the debtor in this Chapter 7 bankruptcy case, objects to Claim No. 1, which was filed by the Cook County Forest Preserve District (the "District"), on grounds that the District is not a proper claimant. For reasons discussed below, Trepanier's objection will be overruled by separate order.

### BACKGROUND

In 2003, Trepanier brought suit in U.S. District Court against the District and several of its employees—William A. Davidson, Steve Gasior, Shawn McCormick, and John Zimmerman (the "Employees")—alleging various violations of his Constitutional rights. In 2005, the District was dismissed as a defendant in the lawsuit pursuant to a stipulation between the parties. The Employees had authorized the District to defend them in that suit, and the District continued to do so despite the dismissal. In 2007, a verdict was entered in favor of the Employees, and on May 1st of that year, the Employees were awarded costs in the amount of $10,410.35. Again, the Employees authorized the District to take whatever action was necessary to collect the costs from Trepanier. The District served a citation to discover assets on Trepanier, but on September 13, 2007, before the District could execute on the Judgment, Trepanier filed for bankruptcy.

On January 14, 2008, the Chapter 7 trustee reported that there were assets in Trepanier's bankruptcy estate that would be administered for the benefit of creditors. The latest report from the trustee, dated February 8, 2010, shows $12,004.45 available for distribution to creditors.

On February 1, 2008, the District filed a Proof of Claim that became Claim No. 1. The basis for the Claim of $10,410.35 was "Judgment debt, lien effectuated by service of citation to discover assets." However, the District listed only itself under "Name of Creditor." On May 13, 2010, Trepanier filed an Objection to that Claim, arguing that the District was not a proper claimant because the costs were awarded to the Employees and not to the District itself. The District amended its Proof of Claim on July 13, 2010, to include the names of the Employees under "Name of Creditor."

Two other creditors also filed Proofs of Claim against Trepanier's estate. Ravenswood Financial asserts an unsecured claim of $2,900.74 for money loaned, and the I.R.S. asserts unsecured tax claims of $4,336.15.

The Chapter 7 trustee has not joined in Trepanier's Objection and does not contest Trepanier's standing to object. Trepanier objects only to the identity of the creditor. No party has attacked the validity of the lien underlying Claim No. 1.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. The Adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

When assets are available, estate property is distributed to creditors with allowed claims. 11 U.S.C. § 726(a). Trepanier objects to the allowance of Claim No. 1 as improper on grounds that the Employees, not the District itself, were awarded costs in the civil case. Although he is a "party in interest" who may object to the Claim, as more fully shown below, the District properly filed the Proof of Claim as authorized agent of the Employees.

### A. Trepanier Has Standing to Object to the District's Claim

Only a "party in interest" may object to the allowance of a creditor's claim. 11 U.S.C. § 502(a). A "party in interest" is "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Adair v. Sherman*, 230 F.3d 890, 894 n.3 (7th Cir. 2000). That interest must be pecuniary. *See In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998). A Chapter 7 trustee can distribute property of the estate to the debtor only after paying all claims, *see* 11 U.S.C. § 726(a), so a Chapter 7 debtor is a "party in interest" with standing to object to claims only when there is a reasonable probability that there will be a surplus once all allowed claims are paid, *In re Stinnett*, 465 F.3d 309, 315–16 (7th Cir. 2006).

The trustee of Trepanier's bankruptcy estate currently holds $12,004.45 for distribution to creditors. The total claims against Trepanier's estate are $17,647.24, of which $10,410.35 is Claim No. 1. If Trepanier should prevail on his objection, only $7,236.89 of claims would remain, leaving $4,767.56 for distribution to Trepanier. Thus, Trepanier does have a pecuniary interest and is a "party in interest" who has standing to object to Claim No. 1.

## B. The District Properly Filed the Proof of Claim Because it Was the Authorized Agent of the Employees

A proof of claim must be executed by the creditor or the creditor's authorized agent. Fed. R. Bankr. P. 3001(b). "An agent is one who undertakes to manage the affairs of another, on the authority and for the account of the latter, who is called the principal, and to render an account to the principal." *Eychaner v. Gross*, 779 N.E.2d 1115, 1134 (Ill. 2002). An agent is empowered to act on the principal's behalf, *Grillo v. Yeager Constr.*, 900 N.E.2d 1249, 1263 (Ill. App. Ct. 2008), and conduct legal transactions in the principal's name, *Knauerhaze v. Nelson*, 836 N.E.2d 640, 660 (Ill. App. Ct. 2005).

The Employees in this case authorized the District to defend their interests, both in the civil case and in the bankruptcy case. (Response [Docket No. 71] ex. B (Affs. of Employees).) Moreover, they specifically authorized the District to file the Proof of Claim on their behalf. (*Id.*) Therefore, the Proof of Claim is valid because District properly executed and filed the Proof of Claim as the Employees' authorized agent. To the extent the Proof of Claim form should have listed the names of the Employees, the District cured that defect in its Amended Proof of Claim. Moreover, Trepanier apparently knew that the District would be collecting on behalf of the Employees: he listed the District on his Schedule F as an unsecured creditor for "costs" in the amount of $10,410.35 and did not list the Employees at all.

## C. Validity

A properly executed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). In this case, Trepanier only objects to the identity of the creditor listed on the Proof of Claim, not the validity and amount of the underlying claim.

## CONCLUSION

Because the District acted as the authorized agent of the Employees, the Proof of Claim it filed, as amended, is valid. Therefore, Trepanier's Objection to Claim No. 1 will be overruled and Claim No. 1 will be allowed in the amount of $10,410.35 by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 27th day of September, 2010.